UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00111

**Rickey L. McGee,**
*Plaintiff,*

v.

**Bobby Lumpkin et al.,**
*Defendants.*

# ORDER

Plaintiff Rickey L. McGee, a prisoner confined within the Texas Department of Criminal Justice proceeding pro se and *in forma pauperis*, filed this civil-rights proceeding pursuant to 42 U.S.C. § 1983. Doc. 1. The case was referred to a magistrate judge.

On December 6, 2024, the magistrate judge issued a report (Doc. 39) recommending that defendants Lumpkin, Horton, and Townsend's motion to dismiss (Doc. 7) be granted in part and denied in part.[1] Specifically, the magistrate judge recommended that plaintiff's claims against Lumpkin and Horton alleging deliberate indifference to his serious medical needs through a purportedly unconstitutional medical policy should remain pending before the court, but she also recommended that such claims against defendant Townsend should be dismissed with prejudice. She also recommended that plaintiff's claims against defendants in their official capacities be dismissed with prejudice and that plaintiff's motion for summary judgment (Doc. 27) be denied.

The magistrate judge further recommended that plaintiff's other claims—involving retaliation, conditions of confinement, and prison grievances—against defendants Townsend, Pace, and "Unknown Grievance Party" be dismissed with prejudice for

---

[1] Importantly, because these defendants do not assert qualified immunity in their motion to dismiss (Doc. 7), the court will not apply this affirmative defense in analyzing the motion.

failure to state a claim upon which relief may be granted. Doc. 39 at 16–17.

Subsequently, on January 13, 2025, the magistrate judge issued another report (Doc. 43) recommending that plaintiff's motions for default judgment, declaratory judgment, and a preliminary injunction be denied. Copies of these reports were sent to plaintiff, and he filed objections to both. *See* Docs. 40, 47.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

**A. First set of objections**

Plaintiff first argues that defendant Townsend was deliberately indifferent because he knew of plaintiff's shoulder injury. Specifically, plaintiff claims that he spoke to defendant Townsend "relating to his being denied medical treatment for pain in his shoulder." Doc. 40 at 2. According to plaintiff, defendant Townsend responded that he would "check into it." *Id*. One week later, defendant Townsend again explained that he was "still checking into it." *Id*. Plaintiff seems to suggest that defendant Townsend was "obligated" to provide immediate treatment but did not. *Id*. He does not address the recommendation to dismiss his motion for summary judgment.

As the magistrate judge found, these allegations do not state a claim for deliberate indifference against defendant Townsend. To state such a claim, a plaintiff must show that the prison official knew of and disregarded a substantial risk to inmate health or safety. *See Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 755 (5th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Assuming that defendant Townsend, as warden, had the authority to provide medical care to plaintiff, plaintiff failed to

plead facts that would show defendant Townsend was aware of a substantial risk of harm to plaintiff from his shoulder pain.

Concerning defendants Pace and Unknown Grievance Party, plaintiff contends that both defendants were aware—through his written prison grievances—that he was being denied medical treatment for his shoulder and that they still "denied" his grievances. Doc. 40 at 3. However, as explained in the magistrate judge's report, *see* Doc. 39 at 15–16, defendant Pace is not a medical provider and merely reviewing and responding to prison grievances is insufficient to establish deliberate indifference to a serious medical need. *See Criollo v. Milton*, 414 F. App'x 719, 721 (5th Cir. 2011) (unpublished) (rejecting argument that signatories on a prison grievance form were deliberately indifferent where plaintiff failed to show that these administrators "had any role in his medical treatment"); *Cooper v. Johnson*, 353 F. App'x 965, 968 (5th Cir. 2009) (unpublished) (noting the limited role of grievance respondents).

Plaintiff further asserts that defendant Townsend engaged in retaliation by leaving him inside a cell with a broken toilet full of feces for 25 days. Plaintiff also argues—contrary to the magistrate judge's conclusion—that he was indeed harmed by having to "eat and sleep" in the cell, Doc. 40 at 3, pointing to his initial complaint, which alleged "physical pain and mental injury" as a result of the feces-filled toilet, Doc. 1-1 at 6.

As an initial matter, plaintiff's retaliation claim fails because his complaint does not articulate "a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Although plaintiff suggests that defendant Townsend was motivated by his grievance complaints and other civil proceedings, this bald assertion, without more, is insufficient to establish causation. Indeed, any possible inference of retaliation is fatally undermined by plaintiff's own admission that defendant Townsend had an "emergency plumber" attempt to fix the broken toilet—albeit to no avail. Doc. 1-1 at 3.

Turning to the conditions-of-confinement claim, this court acknowledges that, in some instances, exposure to feces and unsanitary conditions can constitute a violation of the Eighth Amendment. *See, e.g.*, *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004) (holding that "extremely filthy" cells "with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" violated the Eight Amendment); *Hardeman v. Curran*, 933 F.3d 816, 825 (7th Cir. 2019) (concluding that "unsanitary conditions and physical harms"—including hundreds of unworkable toilets filled with feces—caused by a three-day water shutoff "were objectively unreasonable conditions of confinement").

However, plaintiff's allegation that he was confined in a cell without a working toilet for 25 days seems less serious than other cases in which a constitutional violation has been found. Plaintiff does not suggest that he was given only a limited amount of clean water for hygiene or that the feces in his toilet caused "numerous ailments" as in *Hardeman*. 933 F.3d at 819.[2] Nor does plaintiff claim that his cell was crusted in filth, as in *Gates*. 376 F.3d at 338.[3] The situation here also falls far short of that in *Hope v. Harris*, where a prisoner was placed in solitary confinement for twenty-six years with a combination of filthy conditions—such as feces, urine, and mold—while suffering from a cough and being given no cleaning supplies. 861 F. App'x 571, 584 (5th Cir. 2021) (unpublished). Indeed, far from being exposed to "hundreds of

---

[2] *Hardeman* is also distinguishable because it featured pretrial detainees and therefore was decided under the Fourteenth Amendment. Consequently, the Seventh Circuit employed a less-stringent, objective standard, as opposed to the test for Eighth Amendment violations, which has both subjective and objective components. *Id.* at 821–23; *see also Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996) (establishing the requirements for an Eighth Amendment conditions-of-confinement claim).

[3] *Gates* also featured a "ping-pong" toilet effect, where fecal matter from one cell would bubble up in another. *Id.* at 334. The Fifth Circuit affirmed an injunction requiring the prison to remedy this problem, which had been ongoing for more than a decade and constituted "a serious health hazard." *Id.* at 341. In contrast, the duration of the plumbing problem here is much shorter and, far from ignoring plaintiff's complaints, defendant Townsend took affirmative steps to fix the toilet.

toilets holding feces and urine," *Hardeman*, 933 F.3d at 819, plaintiff does not suggest that he was denied access to other bathroom facilities or opportunities for personal hygiene.

The Constitution does not mandate "comfortable prisons," *Farmer*, 511 U.S. at 832, and is not necessarily violated by "[a] single clogged toilet," *Hardeman*, 933 F.3d at 823, absent some additional contextual indicia of inhumane conditions. Even conditions that are "plainly not comfortable or pleasant," including "sleeping in cells [with] toilets filled with urine and feces," do not automatically "rise to a level of seriousness constituting a constitutional violation," especially where such unsanitary conditions are only temporary as repairs progress. *Pomier v. Leonard*, No. 3:10-cv-00121, 2012 WL 12877852, at *1–2 (S.D. Tex. Oct. 31, 2012). This court is thus not persuaded that the complaint alleges sufficient facts to establish a deprivation of the minimal civilized measure of life's necessities. *See Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) (explaining that the Constitution neither mandates comfortable prisons nor provides protection from conditions that are merely unpleasant or uncomfortable).

Nevertheless, even if this court assumes that exposure to fecal matter can constitute a substantial risk of serious harm, *see Gates*, 376 F.3d at 341, plaintiff still must show that defendant Townsend was deliberately indifferent in order to state a viable Eight Amendment claim. *See Farmer*, 511 U.S. at 834. This is a high bar as a prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837.

Plaintiff first notified defendant Townsend of the broken toilet on May 11, 2021, and an "emergency plumber" was called within one week. Doc. 1-1 at 3 Although ultimately unsuccessful, such good-faith repair efforts generally preclude a finding of deliberate indifference. *See Cotton v. Taylor*, 176 F.3d 479, 1999 WL 155652,

- 5 -

at *3–4 (5th Cir. 1999) (unpublished) (holding that efforts to repair a leaking prison roof negated deliberate indifference even though prisoners were not removed from affected cells); *see also Evans v. Harrison Cnty. Adult Det. Ctr.*, No. 1:18-cv-00087, 2020 WL 980149, at *2 (S.D. Miss. Feb. 28, 2020) (holding that prison officials were not deliberately indifferent because they attempted to fix a leaking toilet in the plaintiff's cell, even though it would begin to leak again after the repairs).

Additionally, plaintiff does not allege that defendant Townsend was aware the attempted repairs had failed. Plaintiff also does not claim that he requested and was denied any cleaning supplies. Plaintiff was ultimately moved to another unit on June 6, 2021, only 25 days after he first notified defendant Townsend concerning the toilet. Doc. 1-1 at 6. In light of the attempted repairs and eventual move, this court is unable to conclude that defendant Towsend was deliberately indifferent. Plaintiff's complaint thus fails to plead a viable Eight Amendment claim.

Plaintiff's conditions-of-confinement claim is also barred under the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."); *see also Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997) (holding that a sore a bruised ear was *de minimis* and did not satisfy the PLRA's physical injury requirement). Here, plaintiff claims that he suffered only generalized "physical pain and mental injury" because of feces inside the broken toilet. Doc. 1-1 at 6. This is insufficient to establish that the broken toilet caused more than *de minimis* physical injury. As a result, plaintiff's conditions-of-confinement claim, which seeks only damages, cannot proceed.

### B. Second set of objections

Plaintiff also objects to the recommendation to dismiss his motions for default judgment and declaratory judgment. Doc. 47.

He does not object to the recommendation to deny his motion for a preliminary injunction.

Specifically, plaintiff contends that the court abused its discretion because defendants Pace and Unknown Grievance Party/John Doe were ordered to answer the complaint and did not do so. This objection is without merit as defendant Pace was specifically excluded from the order to answer. *See* Doc. 5; *see also* 42 U.S.C. § 1997e(g)(1) (providing that a defendant is under no obligation to respond to a civil action filed by a prisoner unless ordered to do so by the court). Furthermore, it is unclear whether Unknown Grievance Party was actually included in the order to answer, given the exclusion of defendant Pace and the virtually identical claims faced by both of these defendants. *See* Doc. 1-1 at 6-7.

Nevertheless, even assuming, *arguendo*, that defendants are technically in default, plaintiff "is not entitled to a default judgment as a matter of right." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (holding that a district court did not abuse its discretion in denying default judgment to an inmate). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Here, as explained above, plaintiff's factual allegations concerning defendants Pace and Unknown Grievance Party/John Doe fail to state a claim upon which relief may be granted. Default judgment would thus be inappropriate on these pleadings.

**C. Conclusion and disposition**

Having reviewed the magistrate judge's reports (Docs. 39, 43), and being satisfied that they contain no error, the court accepts their findings and recommendations. For the reasons articulated in this order, plaintiff's objections (Docs. 40, 47) are overruled.

Defendants' motion to dismiss (Doc. 7) is granted in part and denied in part. Plaintiff's claims for monetary damages against defendants in their official capacities are dismissed with

prejudice. Plaintiff's claims against Defendants Lumpkin and Horton regarding deliberate indifference to his medical needs through an allegedly unconstitutional medical policy will proceed before the court, but those claims against defendant Townsend are dismissed with prejudice for failure to state a claim.

Plaintiff's retaliation, conditions-of-confinement, and grievance claims against defendants Townsend, Pace, and Unknown Grievance Party/John Doe are dismissed, with prejudice, for failure to state a claim.

Finally, plaintiff's motions for declaratory judgment (Doc. 26) summary judgment (Doc. 27), default judgment (Doc. 28), and a preliminary injunction (Doc. 37), are denied.

*So ordered by the court on March 17, 2025.*

J. CAMPBELL BARKER
United States District Judge