UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00111

**Rickey L. McGee,**
*Plaintiff,*

v.

**Bobby Lumpkin et al.,**
*Defendants.*

**ORDER**

Plaintiff Rickey L. McGee, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this civil-rights action under 42 U.S.C. § 1983. Doc. 1. The case was referred to a magistrate judge. Doc. 3.

**I. Background**

Plaintiff initiated this lawsuit on February 17, 2023. Doc. 1. Defendants filed a motion to dismiss. Doc. 7. The court denied that motion in part and granted it in part. Doc. 51. Specifically, the court dismissed with prejudice plaintiff's claims for monetary damages against all defendants in their official capacities and also dismissed with prejudice plaintiff's claims regarding retaliation, his conditions-of-confinement, and his grievances against defendants Townsend, Pace, and Unknown Grievance Party/John Doe for failure to state a claim upon which relief may be granted. Doc. 51 at 7–8. However, the court determined that plaintiff's claims against defendants Lumpkin and Horton regarding deliberate indifference to his serious medical needs should proceed. *Id.* at 8.

Defendants Lumpkin and Horton subsequently filed a motion for summary judgment. Doc. 61. The magistrate judge issued a report and recommendation, recommending that defendants' motion be granted and that plaintiff's remaining claims be dismissed. Doc. 64 at 20. The magistrate judge concluded that plaintiff failed to show that the prison policy—in which medical officials, after evaluating a prisoner's request, deferred medical treatment after

deeming the request as "non-emergent" or non-urgent during the COVID-19 pandemic—violated his constitutional rights under the Eighth Amendment. Doc. 64 at 11–19. Plaintiff filed timely objections. Doc. 65.

## II. Plaintiff's objections

Plaintiff states that he was injured in September 2019 when his cell door opened and pinned his arm between a slot and the wall, resulting in injury to his shoulder. Doc. 65 at 1. He confirms that he was seen by medical personnel the same day, that he was treated with pain medication, and that prison officials treated him with a double cuff-pass in February 2020. *Id*. at 2.

He now reiterates his contention that though he submitted sick-call requests regarding his shoulder pain on March 9, 2020, in July 2020, in December 2020, in January 2021, on April 6, 2021, and on April 16, 2021, his requests were repeatedly returned with a stamped "sticker" indicating that the issue was not urgent because of COVID-19 restrictions. *Id*. Plaintiff claims he went without treatment for his shoulder pain from March 2020 through April 2021, resulting in "unnecessary pain and mental anguish." *Id*. at 2. He insists that this delay in receiving medical care causing pain can constitute substantial harm sufficient for deliberate indifference. *Id*.

## III. Discussion and analysis

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).

Plaintiff's objections identify no error in the magistrate judge's report. To sustain an Eighth Amendment claim, a plaintiff must show that prison conditions "must pose 'an unreasonable risk of serious damage' to a prisoner's health—an objective test—and prison officials must have acted with deliberate indifference to the risk posed—a subjective test." *Garrett v. Lumpkin*, 96 F.4th 896, 900 (5th Cir. 2024) (quoting *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015)).

Under the objective component, an Eighth Amendment violation requires a showing of a substantial risk of serious harm to the prisoner's health, but not actual harm. *Id.*; *Ball*, 792 F.3d at 592. The risk or deprivation must be so grave—so extreme—that it would violate contemporary standards of decency for someone to be exposed unwillingly to such a condition. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (explaining that only those deprivations that are sufficiently grave—such that it denies "the minimal civilized measure of life's necessities"—amount to an Eighth Amendment violation); *see also Burkle v. Patrick*, No. 20-50221, 2025 WL 943225, at *2 (5th Cir. Mar. 28, 2025) (unpublished) (the objective component of an Eighth Amendment claim requires proof that the alleged deprivation was "extreme").

Turning to the subjective element, prison officials must have a "sufficiently culpable state of mind," which turns on whether the official acted with deliberate indifference to a prisoner's health or safety. *Ball*, 792 F.3d at 594. Deliberate indifference is a two-prong inquiry:

(1) "[a]n official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists" and

(2) "he must also draw the inference."

*Id.* (cleaned up); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The deliberate indifference standard is extremely difficult to meet; for example, disagreement with medical treatment and judgment, negligent or inadequate treatment, perfunctory treatment, and even incorrect diagnoses do not constitute deliberate indifference. *See Spikes v. Wheat*, 141 F.4th 662, 668 (5th Cir. 2025) ("If medical treatment was provided, even if it was negligent, disagreed-with, and based on a perfunctory and inadequate evaluation, there is no violation." (cleaned up)). And a delay in medical care or treatment "can only constitute an Eighth Amendment violation if there has been deliberate indifference that

results in substantial harm." *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013).

Here, plaintiff failed to meet the objective and subjective requirements for establishing his Eighth Amendment claim.

In his objections, plaintiff admits that he was treated immediately after his shoulder injury and subsequently provided a double-cuff pass for comfort. Doc. 65 at 1. Such concessions generally refute any claim for deliberate indifference—as deliberate indifference requires a showing of egregious, intentional conduct such as purposely failing to treat him or ignoring his complaints. *See Zaunbrecher v. Gaudin*, 641 F. App'x 340, 344 (5th. Cir. 2016) (per curiam) (unpublished) (explaining that deliberate indifference requires a showing of "egregious intentional conduct"); *see also Domino v. Tex. Dep't Crim. Just.,* 239 F.3d 752, 755 (5th Cir. 2001) (holding that a plaintiff must show that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.").

Though plaintiff is correct that a delay in receiving treatment causing pain can constitute substantial harm, plaintiff does not elaborate on his pain or quantify it. Even on objection, plaintiff merely characterizes his pain as "unnecessary." Doc. 65 at 2. This does not indicate that he suffered from substantial harm stemming from any delay. *See Westfall v. Luna*, 903 F.3d 534, 551–52 (5th Cir. 2018) (finding no substantial harm resulted from delay though the plaintiff alleged she was moaning in pain due to a spinal injury while waiting for medical care, particularly wherein the plaintiff failed to allege more details as to the severity of her pain); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that mere delay in receiving medical care is not, by itself, a constitutional violation). As in *Westfall*, here, plaintiff fails to allege more details as to the severity of his pain and therefore failed to show deliberate indifference.

Moreover, plaintiff does not explain, much less show, how unquantified pain could have exacerbated his shoulder injury. *See*

*Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992) ("Continuing back pain is unpleasant. Its existence does not, however, it and of itself demonstrate that a constitutional violation occurred); *Haddix v. Kerss*, 203 F. App'x 551, 553 (5th Cir. 2006) (per curiam) (unpublished) ("The result of the defendants' actions was unrelieved, pre-existing, back and shoulder pain, not a worsening of his condition or other serious harm.").

Unquantified pain, though unpleasant, does not represent a risk so grave or so extreme that it violates contemporary standards of decency to unwillingly expose anyone to it. *See Class v. Lumpkin*, No. 21-20560, 2023 WL 4763334, at *2 (5th Cir. July 26, 2023) ("His allegations of pain from attempting to sit on the ground during an emergency incident are vague and they do not exemplify a risk so grave that it violates contemporary standards of decency . . . ." (quotation marks omitted)).

Plaintiff has not shown that the non-emergent policy utilized during the pandemic—even if treatment for his unquantified pain was delayed—represented a risk so grave that it represented a denial of civilized life's minimal necessities. *See United States v. Hinds Cnty. Bd. of Supervisors*, 128 F.4th 616, 626–27 (5th Cir. 2025) (alleged Eighth Amendment deprivation must be, as an objective matter, "sufficiently serious").

Having reviewed the record de novo and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Plaintiff's objections are overruled. Defendants Horton and Lumpkin's motion for summary judgment (Doc. 61) is granted. Plaintiff's motion for summary judgment (Doc. 63) is denied. Plaintiff's case is dismissed with prejudice. Any pending motions are denied as moot.

*So ordered by the court on October 1, 2025.*

J. CAMPBELL BARKER
United States District Judge